JOHN PATTON, Respondent, v. JOSEPH J. PENQUITE, Appellant.

Kansas City Court of Appeals, December 10, 1888.

Case Adjudged: INSTRUCTIONS NOT FAIRLY PRESENTING ISSUES, ETC. Under the instructions given in this case a great part of the case is practically taken from the jury, by reason of assumptions contained in them which were not warranted by law under the evidence. The measure of damages is not properly declared by them, and they are not predicated upon hypotheses of the facts in issue.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*B. G. Wilkerson* and *John Montgomery, Jr.,* for the appellant.

(1) The court erred in giving plaintiff's third instruction, which told the jury that plaintiff's measure of damages is the value of the property he traded and the amount of the note he gave, amounting together to two thousand dollars, with six per cent. interest from the sixteenth day of October, 1884, to date. *Anslyn v. Frank*, 8 Mo. App. 242; *Stiles v. White*, 8 Mo. 356. (2) This instruction was erroneous on any theory of damages in assuming that the value of the property

traded by plaintiff to defendant was worth eighteen hundred dollars ; there being no evidence to this effect. (3) If the defendant did not represent that these notes were secured by a first deed of trust, but did falsely represent that there was a chattel mortgage on the crop to secure the first year's interest on the notes in question, then the measure of plaintiff's damages could in no event exceed the value of the crop. The court, therefore, erred in giving the fourth instruction given at the instance of the plaintiff which told the jury that the measure of plaintiff's damages was one year's interest at eight per cent. on two thousand dollars, to-wit, one hundred and sixty dollars with six per cent. interest from August 15, 1884, to this date. (4) This fourth instruction is also erroneous for the reason that there was not a word of testimony as to the value of said crop except the incidental remark of the witness Hall, to the effect that the crop was an entire failure. The court erred in overruling defendant's motion for a new trial.

*E. J. Smith*, for respondent.

(1) The only objection appellant makes to the instructions is as to the measure of damage. He relies on cases where the vendee retains the property purchased, and sues for false representations as to value. Such cases do not apply here, for here the plaintiff got nothing. The notes and mortgage he got were worthless, and then defendant and Hall gave them up to Eubanks, the maker, and entered the mortgage satisfied. Defendant did this, not only with full knowledge that he had defrauded plaintiff, but with knowledge that plaintiff had found it out and was complaining about it. And, too, after he had said he would give up the two hundred dollars to pacify plaintiff, but had not done so, and the trade between plaintiff and Hall had failed on that account, as defendant well knew. This is a case where plaintiff was deprived of his property and defendant got it, all by the fraud of defendant, and plaintiff got

nothing for it, and the measure of damage is just the value of the property plaintiff was thus deprived of. The law truly is that if a vendee will affirm the contract he may sue for damages for deceit. But if he will repudiate the contract, he must return what he got and sue to recover back the purchase money paid. Here plaintiff does the latter, only he is not required to return the notes to defendant because they were left with defendant and by his knowledge and consent, and ratified by him when he entered the mortgage satisfied, they were surrendered to the maker and cancelled, he does not have to give them up to defendant. (2) But whether this be one form of action or the other, under the evidence the measure of damage is the same, and the only criticism there can be, is one as to the way of expressing it. "Case for deceit does not imply that the article is worthless. It may be worthless, and then the vendee may recover for an amount equal to the price of the article." *Schultz v. Christman*, 6 Mo. App. 338, 343, and cases ; *Brownlee v. Hewitt*, 1 Mo. App. 360. (3) But even taking the highest value that can be claimed for the land under the evidence, twenty-five dollars per acre, it is only worth six thousand dollars, then deduct the principal of the first mortgage, without the then accrued interest, leaves but three thousand dollars to secure the four thousand dollars of notes, one-half of which plaintiff bought, not counting interest on them. This, on the theory defendant insists on, would allow plaintiff to recover five hundred dollars. He recovered less than that (three hundred and seventy-five dollars) and defendant cannot complain in such a case. *Alderman v. Cox*, 74 Mo. 78 ; *Austin v. Railroad*, 23 Cent. Law Jour., July 22, 1886, addenda. (4) This court will not reverse a judgment unless it appears that error was committed materially affecting the merits of the action. R. S., secs. 3775, 3785. No such error is apparent here. (5) As to the value of the property conveyed by plaintiff to defendant, it is enough that they counted it worth eighteen hundred dollars in the trade, until the contrary is shown. The jury did not find on

the instructions relating to the chattel mortgage and defendant is not harmed thereby. (6) The instructions for defendant put the case to the jury in a very favorable light for him, more so than he was fairly entitled to. Defendant has no ground of complaint as to the instructions in this case.

ELLISON, P. J.—The defendant Penquite and one A. J. Hall jointly owned four promissory notes for one thousand dollars each, made by one Eubanks and secured by a second deed of trust on two hundred and forty acres of land near Lamonte in Pettis county, Penquite owning one undivided half, and Hall the other half of the notes. These were payable in one, two, three and four years, respectively, after date, with eight per cent. interest per annum, payable annually, and were dated August 15, 1883. The plaintiff Patton owned a piece of property in the town of Lamonte; about October 16, 1884, the defendant traded his half interest in the four notes and transferred the same to plaintiff without recourse, and for defendant's interest in said notes plaintiff conveyed his Lamonte property to defendant and executed to defendant his promissory note for two hundred dollars, payable one year after date. At the time of the trade the notes, including accrued interest, amounting to about forty-three hundred and sixty dollars, and defendant's half-interest to twenty-one hundred and eighty dollars. Plaintiff brings this suit on the grounds: (1) That the defendant falsely and fraudulently represented that said deed of trust, to secure said four notes, was a first deed of trust, when in fact it was a second deed of trust, there being in fact a prior deed of trust for three thousand dollars. (2) That plaintiff falsely represented that said Eubanks had given Penquite and Hall a chattel mortgage on the crop of 1884 to secure the first year's interest on said four notes, when in fact there was no such chattel mortgage; and (3) that after defendant had signed and transferred his interest in said notes to plaintiff that defendant and said Hall surrendered said notes to said Eubanks,

and in consideration of Eubanks and wife conveying said land to Hall, and that Hall and defendant thereupon as payees of said four notes entered satisfaction of said deed of trust on the margin of the record thereof. Plaintiff claimed damages two thousand dollars.

The following instructions were given for plaintiff:

"1. If the jury believe from the evidence that the defendant, to induce plaintiff to make the trade with him, represented to plaintiff that the land mortgaged or conveyed by deed of trust to secure the notes he traded to the plaintiff had no prior mortgage thereon, or that the title thereto was clear, with the exception of the mortgage to secure said notes so traded to the plaintiff, and that plaintiff did not know to the contrary but relied on said representations and so made said trade, then the plaintiff has a right to recover of defendant so much as he is damaged by reason of the fact that said land was in fact covered by a prior mortgage.

"2. If the jury believe from the evidence that the defendant represented to the plaintiff to induce him to make the trade that there was in existence a chattel mortgage to secure the first year's interest on the notes, one-half of which defendant traded to the plaintiff, and plaintiff did not know to the contrary, but relied on said representations and so made said trade; then the plaintiff is entitled to recover herein so much as he is damaged by reason of there being in fact no chattel mortgage securing said first year's interest.

"3. If the jury find for the plaintiff under the first instruction then the measure of plaintiff's damages is the value of the property he traded and the amount of the note he gave, amounting together to two thousand dollars, with six per cent. interest from the sixteenth of October, 1884, to date.

"4. And if the jury find for the plaintiff under the second instruction and not under the first, they will assess his damages at the interest on said two thousand

dollars for one year at eight per cent., to-wit, one hundred and sixty dollars with six per cent. interest from August 15, 1884, to this date."

The jury returned a verdict for plaintiff for three hundred and seventy-five dollars. The payor of the notes was insolvent.

The third instruction tells the jury, in terms, that if they find for plaintiff under the first instruction they will fix his damages at two thousand dollars, with six per cent. interest. This instruction, in connection with the first, is an assumption that merely by reason of there being a prior mortgage on the land plaintiff was damaged in the sum of two thousand dollars. By this means a great part of the case is practically taken from the jury. A note, although the payor be insolvent, is not necessarily worthless because secured by a second mortgage. It may still be well secured. Again, notwithstanding there may have been fraudulent concealment of the existence of the first mortgage, or fraudulent representation that the mortgage securing the notes traded was a first mortgage, in this case it does not necessarily follow that plaintiff can recover. There must be damage arising by reason of the existence of the concealed mortgage. The second and fourth instructions should not have been given. It seems to be conceded that there was no evidence tending to show the value of the crop upon which it was represented there was a chattel mortgage to secure the first year's interest on the notes. The net value of the mortgaged property, up to the amount of the interest due plaintiff on his part of the notes, would certainly be the measure of the plaintiff's damages. If the crop was valueless or not worth the cost of foreclosure, it would not be easy to see wherein plaintiff could have been damaged on this branch of the case. The instruction should likewise have been predicated upon the hypothesis of the non-existence of the chattel mortgage being the cause of the loss of the interest.

The judgment is reversed and cause remanded. All concur.